UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRANDON SCOTT LAVERGNE**           **CIVIL ACTION NO. 6:13-2189**
    **LA. DOC #424229**
**VS.**                                                                **SECTION P**

                                                                        **JUDGE HAIK**

**LOUISIANA STATE POLICE**           **MAGISTRATE JUDGE HILL**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 1, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names the Louisiana State Police as the sole defendant.

Lavergne alleges that he was arrested by the Louisiana State Police on July 5, 2012 because he altered his driver's license by covering the sex offender notation on the license which Lavergne used when he purchased a vehicle. Lavergne complains that his arrest was unconstitutional because it was part of a "sting operation" to keep him in custody until he was indicted on July 16, 2012 for the Pate and Shunick murders. Lavergne further alleges that the Louisiana State Police illegally and unconstitutionally seized his

cellular telephone from his vehicle and used information contained in the telephone against him in the murder prosecution. He further alleges that this same information was used to coerce his fiancé Barbara Hargrove to assist in the murder investigation by taking Lavergne's laptop computer from his home and giving it to police, information from which was also used against Lavergne in the murder prosecution.  These actions are alleged to have "directly caused me to plead to [murder] charges."  By this action, Lavergne seeks actual and punitive damages from the Louisiana State Police.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal his convictions or sentences.  Post-Conviction relief has not been granted.[1]  Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

**I.  Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. *Heck v. Humphrey*

Lavergne seeks monetary damages from the Louisiana State Police in connection with his state criminal proceeding, which resulted in his conviction for the murder of

Shunick and Pate, for which he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed,

expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendant. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentences, are barred by *Heck*. The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III. Eleventh Amendment Immunity

Despite the applicability of *Heck*, a district court may appropriately consider the possible applicability of Eleventh Amendment immunity. *See McGrew v. Tex. Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

Lavergne's claim against the Louisiana State Police is barred by the Eleventh Amendment. The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state

has consented to suit. *Pennhurst State School & Hospital et al v. Halderman et al.*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) *citing Hans v. Louisiana*, 134 U.S. 1, 13–16 (1890); *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F .3d 273, 280–81 (5th Cir.2002). Congress did not abrogate the states Eleventh Amendment immunity by enacting §1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Moreover, Louisiana has not waived sovereign immunity. La. R.S. 13:5106(A) (prohibiting suits against the State in any court other than a Louisiana state court); *Champagne*, 188 F.3d at 314 citing LSA R.S. 13:5106.

State agencies that are considered arms of the State are entitled to Eleventh Amendment immunity from state law and § 1983 lawsuits in federal court. *Richardson v. Southern University*, 118 F.3d 450452-453 (5th Cir. 1997). The Louisiana State Police is considered an arm of the State entitled to Eleventh Amendment immunity. *Waldrop v. Bethancourt*, 2010 WL 3312501, *2-3 (E.D. La. 2010)*; Cupps v. Louisiana State Police*, 2013 WL 2302688, *2 (M.D. La. 2013); *Higginbotham v. Jones*, 2010 WL 1662475, *2 (W.D. La. 2010); *Francis v. Terrebonne Parish Sheriff's Office*, 2009 WL 4730707, *3 (E.D. La. 2009). *See also Noble v. Norfolk Southern Corp.*, 2003 WL 1618590, * 6 (E.D. La. 2003); *Ougel v. McComb Police Dept.*, 2008 WL 186340, *2 (E.D. La. 2008).

Furthermore, state agencies such as the Louisiana State Police are not "persons" subject to suit under 42 U.S.C. § 1983. *Waldrop*, 2010 WL 3312501, at *3 *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989), *Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006), *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992), *Francis*, 2009 WL 4730707, at *2, *Levy v. Office of Legislative Auditor*, 362 F.Supp.2d 729, 735 (M.D. La. 2005), *Goins v. State of Louisiana*, 2004 WL 2694899, *2 (E.D. La. 2004) and *Greer v. Tran*, 2003 WL 21467558, *2 (E.D. La. 2003); *Higginbotham*, 2010 WL 1662475, at *1; *Francis*, 2009 WL 4730707, at *3.

Accordingly, Lavergne's claims against the Louisiana State Police must be dismissed for failing to state a claim upon which relief may be granted and as seeking monetary damages from a defendant that is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## IV. State Law Claims

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[2]

---

[2] This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, both Lavergne and the Louisiana State Police are Louisiana citizens. Accordingly, complete diversity is lacking.

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[3];

---

[3]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody); *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted because the Louisiana State Police is considered an arm of the State entitled to Eleventh Amendment immunity from suit for monetary damages.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

---

1985).  In Louisiana, the highest court is the Louisiana Supreme Court.  *See also*, 28 U.S.C. § 2254(b)(1).  Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

   **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

_____<br>
C. MICHAEL HILL<br>
UNITED STATES MAGISTRATE JUDGE